•            •           • 
 • • •






MEMORANDUM OPINION
 
No. 04-09-00468-CR

IN RE Robert James WATSON

Original Mandamus Proceeding




PER CURIAM
 
Sitting:            Karen Angelini, Justice
Phylis Speedlin, Justice
Steven C. Hilbig, Justice
 
Delivered and Filed: August 12, 2009 

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION
            On July 31, 2009, relator Robert James Watson filed a petition for writ of mandamus, seeking
to compel the trial court to “set aside judgment and sentence in this cause and dispose of this matter
as law and justice requires in this cause.” In 1990, relator plead guilty to aggravated robbery and was
sentenced to 45 years’ confinement. Relator did not timely appeal the conviction to this court. 
            Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from an otherwise final felony conviction. See Ater v. Eighth Court of Appeals, 802
S.W.2d 241, 243 (Tex. 1991); see also Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.
2008); Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist., 910 S.W.2d 481,
483 (Tex. Crim. App. 1995) (holding that “Article 11.07 provides the exclusive means to challenge
a final felony conviction.”). Because the relief sought in relator’s petition relates to post-conviction
relief from an otherwise final felony conviction, we are without jurisdiction to consider his petition
for writ of mandamus. Accordingly, relator’s petition is DISMISSED FOR LACK OF
JURISDICTION.
             Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus.
No leave is required to file a petition for a writ of mandamus in this court. Tex. R. App. P. 52. 
Therefore, relator’s motion for leave to file is DENIED as moot.  
PER CURIAM
DO NOT PUBLISH